UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

STEPHEN ARPAIA, individually and
on behalf of all others similarly situated,

        Plaintiff,

v.                                      CASE NO.:    9:24-cv-80848

CAPITAL ONE, N.A., a foreign
corporation,

        Defendant.
_____/

## NOTICE OF REMOVAL

Defendant Capital One, N.A. ("Capital One"), through counsel and pursuant to 28 U.S.C. §§ 1332, 1446(a), and 1453, removes the above-captioned civil action currently pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida, West Palm Beach Division. In support of this Notice of Removal, Capital One states:

**I.    BACKGROUND AND PROCEDURAL POSTURE**

1. On June 10, 2024, Plaintiff Stephen Arpaia ("Plaintiff") filed a putative class action Complaint against Capital One in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled *Stephen Arpaia, individually and on behalf of all others similarly situated v. Capital One, N.A., a foreign corporation*, Case No. 2024-CA-005387 ("State Court Action"). Plaintiff sues Capital One for breach of contract (Count I) and breach of the implied covenant of good faith and fear dealing (Count II) related to the imposition of $39 annual fees on Capital One Platinum Cards as well as interest fees charged on those annual fees. Compl. ¶¶ 55-87.

2. On or about June 13, 2024, Capital One was served with a copy of the Complaint, which is the initial pleading setting forth the claims for relief upon which this removal is based.

3. Removal of this Complaint is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days after Capital One was served with the initial pleading on June 13, 2024.

4. The United States District Court for the Southern District of Florida, West Palm Beach Division, is the district and division within which this action is pending under 28 U.S.C. §§ 1441(a), 1446(a), and is, therefore, the proper venue for this action.

5. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of "all process, pleadings, and orders" docketed in the State Court Action are attached as **Exhibit A**.

6. Pursuant to 28 U.S.C. § 1446(d), Capital One has given written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff's counsel. Capital One is also contemporaneously filing a Notice of Removal in the State Court Action, a copy of which (without exhibits) is attached as **Exhibit B**.

7. As set forth below, this case is properly removed to this Court because this Court has jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1453 ("CAFA").

**II.   GROUNDS FOR REMOVAL UNDER CAFA**

8. There is no presumption against removal under CAFA, "which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

9. Based on the Complaint's allegations and the removal exhibits, this Court has subject matter jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d), because: (i) the

putative class consists of at least 100 proposed class members, § 1332(d)(5)(B); (ii) the citizenship of at least one putative class member is different from that of Capital One, § 1332(d)(2)(A); and (iii) the aggregate amount placed in controversy by the claims of Plaintiff and the putative class members exceeds $5,000,000, exclusive of interest and costs, § 1332(d)(2). *See S. Fla. Wellness v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014).[1]

### A. The Putative Class Consists of at Least 100 Proposed Class Members

10. To qualify for removal under 28 U.S.C. § 1332(d)(2), Capital One must first establish Plaintiff's putative class contains 100 or more members. *See* 28 U.S.C. § 1332(d)(5)(B).

11. Plaintiff purports to bring this action on behalf of "[a]ll persons or entities located within the United States who paid interest on any Annual or Monthly Fee on a Platinum Card at any time between and including, June 10, 2019, and the day the Court certifies this action as a class action." Compl. ¶ 28.

12. Plaintiff alleges that the number of class members is in the "thousands." Compl. ¶ 4. Thus, given Plaintiff's estimation of "thousands" of class members, the aggregate number of putative class members is at least 100 for purposes of § 1332(d)(5)(B). *Perret v. Wyndham Vacation Resorts, Inc.,* No. 11-CV-61904, 2012 WL 592171, at *2 (S.D. Fla. Feb. 22, 2012) (concluding plaintiff's allegation that "potentially thousands" of class members existed was sufficient on its face to establish jurisdiction in case removed under CAFA).

### B. The Citizenship of at Least One Putative Class Member is Different from that of Capital One

13. Minimal diversity of citizenship, as required by CAFA, exists between Capital One and Plaintiff and/or the putative class members. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring that

---

[1] Capital One does not admit the truth of the allegations in the Complaint and merely accepts them as true for the purposes of this Notice only.

"any member of a class of plaintiffs [be] a citizen of a State different from any defendant"). Further, Capital One is not a citizen of the State of Florida, where this action was originally filed. *See* 28 U.S.C. § 1332(d)(4).

14. Plaintiff is and was at all relevant times a Florida resident domiciled in Boca Raton, Palm Beach County, Florida. Compl. ¶ 1 ("Plaintiff . . . is an individual who resides in Boca Raton, Palm Beach County, Florida[.]"); *see also Adderley v. Three Angels Broad. Network*, No. 18-23362-Civ-Scola, 2019 WL 7189887, at *2 (S.D. Fla. Dec. 26, 2019) ("[T]he state in which a person resides at any given time is also that person's domicile."). Therefore, Plaintiff is a Florida citizen for diversity jurisdiction purposes. *See, e.g.*, *Huchon v. Jankowski*, No. 06-10094-CIV, 2007 WL 221421, at *2 (S.D. Fla. Jan. 25, 2007) (finding defendant properly alleged plaintiff's citizenship by asserting in notice of removal plaintiff "was and is a Florida resident domiciled in Monroe County, Florida").

15. Although Plaintiff mischaracterizes Capital One as a limited liability company in the body of his Complaint (Compl. ¶ 3), Capital One is a national banking association with its main office located in McLean, Virginia. *See* Office of the Comptroller of the Currency List of National Banks Active as of May 31, 2024, available at https://www.occ.gov/topics/charters-and-licensing/financial-institution-lists/national-by-name.pdf.

16. Therefore, Capital One is a citizen of Virginia for diversity purposes. *See Wachovia v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that national banking associations be deemed citizens of the state designated in its articles of association as the locus of its main office); *Hunt v. Nationstar Mortg., LLC*, 684 F. App'x 938, 942 (11th Cir. 2017) (same).

17. Because Plaintiff (a Florida citizen) is diverse from Capital One (a Virginia citizen), the required minimal diversity exists under § 1332(d)(2)(A).

4

### C. The Aggregate Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs

18. Under CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Plaintiff's putative class claims meet this jurisdictional threshold.

19. The amount in controversy is "an estimate of how much will be put at issue during the litigation," rather than "a prediction of how much the plaintiffs are ultimately likely to recover." *S. Fla. Wellness,* 745 F.3d at 1315 (internal citations and quotation marks omitted). Capital One's "notice of removal need only include a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*, 574 U.S. at 89 (emphasis added).

20. Although Plaintiff does not specify the amount of damages he seeks, this Court should consider Plaintiff's allegations that he was allegedly charged $4,680 for "Annual Fees" on his Platinum Card during the relevant five-year statute of limitations period, as well as $6.35 in interest. Compl. ¶¶ 51–53. In total, these alleged charges and payments amount to $4,686.35.

21. Plaintiff alleges he believes the class size in this case is in the "thousands." Compl. ¶ 4. This estimation is a plausible underestimate, as there are more than 9,000 customer reviews of the Capital One Platinum Card on the same Capital One website cited by Plaintiff in his Complaint. *See* Compl. ¶ 53; *see* Platinum Mastercard® from Capital One, Capital One, https://www.capitalone.com/credit-cards/platinum.[2] The Court may reasonably infer that there are

---

[2] In reviewing whether the jurisdictional threshold has been met, this Court may properly consider information from a publicly available website. *See, e.g.*, *Katz v. J.C. Penney Corp., Inc.*, 09-CV-60067, 2009 WL 1532129, at *2 (S.D. Fla. June 1, 2009), at *2 (rejecting plaintiff's challenge to defendant's reliance on a Broward County Property Report copied from the Broward County Property Appraiser's website).

significantly more cardholders over the five-plus year period than those who have elected to leave a review on Capital One's website.

22. Moreover, Plaintiff also seeks among other things, an injunction on future activity of Capital One, restitution and disgorgement, and attorney's fees and costs. *See* Compl., Wherefore Clause. While these amounts are less quantifiable at this juncture, they may nonetheless be considered in determining that the amount in controversy has been plausibly met. *See S. Fla. Wellness*, 745 F.3d at 1316; *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014).

23. Given Plaintiff's estimate of $4,686.35 in damages, and based on Plaintiff's own allegation that the size of the class is in the "thousands (Compl. ¶ 4), it is plausible that the aggregate amount in controversy exceeds the $5 million threshold under CAFA. *See* 28 U.S.C. § 1332(d)(2). In fact, $4,686.35 in purported damages multiplied by at least 2,000 class members equals $9,372,700.00, well over the threshold. Even if the putative class consisted of only 2,000 members who incurred a loss of $3,500 each (including out-of-pocket losses, late fees, injunctive relief, attorney's fees and costs), the amount in controversy well exceeds the $5 million requirement.

24. In sum, as (i) the putative class has greater than 100 members, (ii) there is minimal diversity between the parties, and (iii) the amount in controversy exceeds $5,000,000, this case is properly removed to this Court pursuant to CAFA, 28 U.S.C. §§ 1332(d), 1453.

### III. RESERVATION OF RIGHTS

25. In filing this Notice of Removal, Capital One does not waive and expressly reserves any defenses, exceptions, rights, and motions. *See, e.g.*, *Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 F. App'x 670, 675 n.6 (11th Cir. 2013) ("The removal of an action from state

to federal court does not waive any Rule 12(b) defenses"). No statement or omission in this Notice shall be deemed an admission of any allegations of or damages sought in the Complaint. Similarly, by filing this Notice of Removal, Capital One does not agree class certification is appropriate and reserves all defenses and arguments concerning the same.

26. Capital One further reserves the right to supplement the evidence of the amount in controversy should this Court so require or should Plaintiff contest it. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

WHEREFORE, Defendant Capital One, N.A. respectfully requests that the above-captioned action now pending in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, be removed to the United States District Court for the Southern District of Florida, West Palm Beach Division, and that said Court assume exclusive jurisdiction of this action and enter such other and further relief as may be necessary.

DATED: July 12, 2024

                                                      **McGUIREWOODS LLP**

*/s/ Emily Y. Rottmann*
Sara F. Holladay
Florida Bar No. 0026225
Emily Y. Rottmann
Florida Bar No. 093154
Kathleen D. Dackiewicz
Florida Bar No. 1003294
sholladay@mcguirewoods.com
erottmann@mcguirewoods.com
kdackiewicz@mcguirewoods.com
clambert@mcguirewoods.com
flservice@mcguirewoods.com
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3224
(904) 798-3207 (fax)

*Attorneys for Defendant Capital One, N.A.*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on July 12, 2024.  I also certify that the foregoing document is being served this day via e-mail on the following counsel:

Stephen Barker, Esq.
The Law Office of Stephen Barker
901-A Clint Moore Road
Boca Raton, FL 33487
slb@stephenbarkerlaw.com

*Attorney for Plaintiff Stephen Arpaia*

                                                  */s/ Emily Y. Rottmann*
                                                          Attorney