UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-80848-CIV-CANNON/McCabe

**STEPHEN ARPAIA**
individually and behalf of others
similarly situated,

    Plaintiff,

v.

**CAPITAL ONE, N.A.**,

    Defendant.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING MOTION TO DISMISS IN PART, AND PERMITTING REPLEADING**

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint, pursuant to Rule 12(b)(6) (the "Motion") [ECF No. 5]. Following referral [ECF No. 14], Magistrate Judge Ryon M. McCabe issued a Report recommending this Court grant the Motion and permit repleading (the "Report") [ECF No. 17]. Defendant filed a Notice of Non-Objection to the Report [ECF No. 18]. Plaintiff filed an Objection to the Report [ECF No. 20] and Defendant responded [ECF No. 21]. The Court has reviewed the Report [ECF No. 17] and the full record. Upon review, the Report [ECF No. 17] is **ACCEPTED**; the Motion [ECF No. 5] is **GRANTED IN PART** in accordance with the Report; and Plaintiff is afforded **one final opportunity** to amend his claims in the form of an amended complaint, due on or before **January 3, 2025**.

CASE NO. 24-80848-CIV-CANNON/McCabe

## RELEVANT BACKGROUND[1]

This putative class-action is brought by a group of credit card users against their credit card company, Defendant Capital One.  In short, Plaintiff Arpaia, as representative for the class, has two Capital One credit cards.  He has not made a purchase on either credit card in over five years but is charged annual fees and interest on those fees by Defendant.  Plaintiff argues that Defendant has no contractual right to charge interest on annual fees, and furthermore, that he should not be charged annual fees at all given that some of Defendant's advertisements offer "No Annual Fee."

Plaintiff filed this two-count putative class action Complaint alleging breach of contract (for charging interest on annual fees) and breach of the implied convent of good faith and fair dealing (for charging annual fees on credit card renewals) [ECF No. 1].  Defendant seeks dismissal of the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [ECF No. 5].  The Report agrees with Defendant that all counts in the Complaint warrant dismissal but disagrees with Defendant that dismissal should be with prejudice [ECF No. 17].[2]  The Report is ripe for adjudication.

## LEGAL STANDARDS

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or

---

[1] This background section is derived from the allegations in Plaintiff's Complaint (the "Complaint") [ECF No. 1], accepted as true for purposes of this Order.

[2] Defendant sought a with-prejudice dismissal in the Motion but did not specifically object to the Report's decision to permit repleading, raising that issue in response to Plaintiff's Objections [ECF Nos. 18, 20–22].

modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires complaints to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal under Rule 12(b)(6), a complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). A claim for relief is plausible if the complaint contains factual allegations that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 545). Conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

**DISCUSSION**

The Report concludes that Plaintiff has failed to state a plausible claim for breach of contract because the plain language of the contract—the credit card agreement (the "Agreement") and incorporated Truth in Lending Disclosures ("TILA Disclosures")—allows Defendant to charge interest on annual fees [ECF No. 17 pp. 3–5; *see* ECF No. 1-2 (Complaint)]. The Report also concludes that Plaintiff has failed to state a plausible claim for breach of the implied covenant of good faith and fair dealing, because there is nothing in the contract that would entitle Plaintiff

3

to the benefit of the annual fee promotional advertisement run by the Defendant, and in any event, under Virginia law, good faith and fair dealing claims require a contractual hook that vests discretion in one of the parties [ECF No. 17 pp. 5–7].[3] Plaintiff raises several objections to the Report, none of which is persuasive. The Court addresses each objection in turn.

Plaintiff first objects to the Report's breach-of-contract conclusion on the grounds that the Customer Agreement was interpreted incorrectly—specifically, that the Report (1) erred in finding the contractual language unambiguous, and (2) disregarded TILA Disclosures and other "online disclosures" that should inform the contract's text [ECF No. 20 pp. 5–8]. Reviewing the Report's legal conclusions *de novo*, this argument is unpersuasive. The Agreement states that purchase transactions are subject to interest charges and that Defendant "will generally treat Fees as purchase transactions unless otherwise specified below" [ECF No. 1-2 p. 3]. The one circumstance that is "otherwise specified below," in which Defendant does not treat fees as purchase transactions subject to interest charges, is for "Cash Advance Fees," which are not at issue in this case [ECF No. 1-2 p. 31]. The contractual language is unambiguous; as the Report concludes, it allows Fees, other than Cash Advance Fees, to be treated as purchase transactions subject to interest like any other purchase transactions, and therefore, "Plaintiff cannot state a claim for breach of contract where the contract itself allows the conduct at issue" [ECF No. 17 p. 4]. Nor does the use of the phrase "will generally treat" in the Customer Agreement restrict Defendant's right to charge interest on Fees or otherwise permit resort to parol evidence here, where the contract at issue, attached to the Complaint, clearly permits the allegedly breaching conduct. *See Doswell Ltd.*

---

[3] The Report rejects Defendant's argument in its Motion to Dismiss [ECF No. 5 pp. 12–14] that Plaintiff's claims are "time-barred" because the Agreement includes a 60-day provision to dispute charges on his credit card statement [ECF No. 17 pp. 7, 8]. The Court agrees with the Report's conclusion that the 60-day dispute resolution period refers solely to "billing mistakes or errors," rather than "issues of contract interpretation governing the relationship between Defendant and its customers" [ECF No. 17 p. 8]. Defendant filed no objections to the Report on this basis.

*P'ship v. Va. Elec. & Power Co.*, 251 Va. 215, 219 (1996) (holding parol evidence may not be considered when the contractual language is unambiguous).

Next, Plaintiff objects to the Report's good faith and fair dealing conclusion that Defendant does not possess the kind of contractual discretion required to present a good faith and fair dealing claim under Virginia law [ECF No. 17 p. 5].[4]  The Court disagrees.  Under Virginia law, a claim for a violation of good faith and fair dealing cannot survive when a party is merely carrying out its contractual rights; rather, a party is required to have "exercise[d] its contractual *discretion* in bad faith."  *Va. Vermiculite, Ltd. v. W.R. Grace & Co.-Conn.*, 156 F.3d 535, 542 (4th Cir. 1998) (emphasis added).  Plaintiff argues, contrary to the Report, that Defendant's requisite contractual discretion to sustain a claim is found in two places: Defendant's drafting choice to treat "purchases" as fees, and the renewal provision of the Agreement [ECF No. 20 pp. 8–9].  The Report correctly concludes that there are no discretionary actions in the Agreement that are pertinent to Plaintiff's claim [ECF No. 17 p. 6].  Neither Capital One's pre-contract business decision to treat fees as purchases for interest purposes nor its renewal provision—which allows Plaintiff, not Defendant, to act if it wishes to close its account and stop paying the annual fee—vests any sort of discretion in Capital One that could hypothetically give rise to a good faith and fair dealing claim.  Nor has Plaintiff pointed to any other portion of the contract that vests

---

[4] The parties do not dispute that Virginia law governs the Agreement [ECF No. 1-2 p. 28].

discretionary power in a manner connected to his claim in Count II for breach of the implied covenant of good faith and fair dealing.

For these reasons, following review of Plaintiff's Objections and the full record, the Court agrees with the Report that Plaintiff's Complaint fails to "state a claim to relief that is plausible on its face." *Bell Atl. Corp.* 550 U.S. at 570.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 17] is **ACCEPTED**.

2. Defendant's Motion to Dismiss [ECF No. 5] is **GRANTED IN PART**, consistent with this Order.

3. Plaintiff is permitted **one final opportunity** to replead. Plaintiff shall file an amended complaint on or before **January 3, 2025**.[5]

4. **Failure to timely file an Amended Complaint may result in dismissal of this matter without notice.**

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 11th day of December 2024.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[5] Although it is difficult to see how Plaintiffs can plausibly plead a claim for breach of contract or breach of the implied covenant of good faith and fair dealing given the contractual language at issue, the Court permits one final opportunity to replead in this instance. This is Plaintiffs' first complaint, they request an opportunity to replead (albeit without elaboration), and Rule 15 generally permits at least one opportunity for repleader [ECF No. 12 p. 20]. Fed. R. Civ. P. 15 (a)(2) (noting that the "court should freely give leave" to amend). *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (holding a district court may, but is not required to, grant leave to amend sua sponte). Out of an abundance of caution, the Court therefore permits repleading.